Filed 6/23/15  P. v. Layton CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B257165 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA087500) |
| v. | |
| CHRISTOPHER BRETT LAYTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mark S. Arnold, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

* * * * * * * * * *

Defendant and appellant Christopher Brett Layton appeals from a judgment of conviction following a jury trial. We affirm.

On November 19, 2013, defendant was charged with one count of first degree burglary (Pen. Code, § 459).[1] It was also specially alleged defendant had suffered a prior felony conviction for burglary within the meaning of the "Three Strikes" law and section 667, subdivision (a)(1). The information alleged that on May 3, 2013, defendant entered an inhabited dwelling with the intent to commit theft. At his arraignment, defendant pled not guilty.

The case proceeded to a jury trial in May 2014. During the trial, the victim attested to the facts and circumstances of the incident. The victim was asleep in his rented room at the Torrance Inn. When he awoke, he discovered his black, tri-fold wallet had been taken, which had contained over $600 in cash. On cross-examination, the victim conceded he had fallen asleep with the door open and that there was no security at the motel, such that anyone could have had reasonable access to the room. Defendant was staying in another room at the Torrance Inn. The manager of the motel testified to surveillance videotape showing defendant entering the victim's room and leaving with a small, black object in his hand. The wallet, with all the cash missing, was located that afternoon in the bushes next to the motel.

The jury found defendant guilty of first degree burglary, but found not true the allegation that the victim was in the motel room at the time of the burglary. Defendant waived his right to a jury trial on his prior conviction. At the sentencing hearing, defendant admitted his prior conviction for burglary. The court denied defendant's motion to strike his prior qualifying strike conviction. The court sentenced defendant to a state prison term of 13 years, consisting of the four-year midterm, doubled due to the strike, plus five years under section 667, subdivision (a)(1). Various fines and fees were

---

[1] All further undesignated section references are to the Penal Code.

imposed, and defendant was awarded 749 total days of precustody credits (375 actual, 374 conduct).

Defendant filed a timely notice of appeal. We appointed appellate counsel to represent defendant. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared she advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and forwarded copies of the transcripts to defendant. Defendant has not filed a supplemental brief.

We have examined the entire record submitted to this court, including one packet of trial exhibits, and are satisfied that appointed counsel fully complied with her responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.


FLIER, J.


3